UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMIE NEWBERRY,
    Plaintiff,

v.

MATT MOSKOWITZ, et al.,
    Defendants.

No. 3:16-cv-01455 (SRU)

## RULE 41(b) NOTICE AND ORDER

On June 20, 2017, I held a telephone status conference on the record with Rose Longo-McLean, attorney for the plaintiff, Jamie Newberry; and James Newhall Tallberg, attorney for the defendants, Matt Moskowitz, Katherine Grahn, Tyler Muesel, Nicholas Travisano, and Todd Kozaryn. The purpose of the conference was to discuss Newberry's failure both to respond to the defendants' written discovery requests and also to sit for her deposition.

Under Federal Rule of Civil Procedure 41(b), I may "dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst*, 239 F.3d 206, 209 (2d Cir. 2001). Dismissal for failure to prosecute is considered a "harsh remedy" and should be "utilized only in extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993). Dismissal must "be proceeded by particular procedural prerequisites, including notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard." *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014) (internal quotation marks omitted). In addition, I "must weigh five factors" before dismissing under Rule 41(b), *id.* at 216, namely:

> (1) [whether] the plaintiff's failure to prosecute caused a delay of significant duration;
>
> (2) [whether the] plaintiff was given notice that further delay would result in dismissal;

>    (3) [whether the] defendant was likely to be prejudiced by further delay;
>
>    (4) the need to alleviate court calendar congestion . . . carefully balanced against [the] plaintiff's right to an opportunity for a day in court; and
>
>    (5) . . . the efficacy of lesser sanctions.

*United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004).

Newberry's failure to participate in discovery has now caused a months-long "delay of significant duration," *id.*, which "may be presumed" to have "[p]rejudice[d] . . . [the] defendants." *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999). In addition, Attorney Longo-McLean repeatedly has warned Newberry that her suit might be dismissed should she continue to ignore discovery; Newberry's continued noncompliance strongly suggests that "lesser sanctions" would be ineffective. *Drake*, 375 F.3d at 254. Finally, with regard to "the need to alleviate court calendar congestion," *id.*, I am "not at a loss for cases to work on," and "it is not an efficient use of . . . time to allow this case to languish on the docket in perpetuity." *See Lego A/S v. Best-Lock Constr. Toys*, __ F.R.D. __, __, 2017 WL 194284, at *10 (D. Conn. 2017).

Newberry hereby is "given notice that further delay w[ill] result in dismissal." *See Drake*, 375 F.3d at 254. Newberry must respond to the defendants' written discovery requests by **July 11, 2017**, and sit for her deposition by **July 31, 2017**. If the defendants inform the court that Newberry has failed to comply with either of those requirements by the dates provided, then I will dismiss her entire case pursuant to Rule 41(b).

So ordered.

Dated at Bridgeport, Connecticut, this 20th day of June 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge